FILED
IN CLERKS OFFICE

2004 DEC -3  P 3: 14

U.S. DISTRICT COURT
DISTRICT OF MASS.

United States District Court
District of Massachusetts

Civil # 04-12125-RWZ
CR 00-10334-RWZ

Response To U.S. Attorney's Petition

Petitioner's Opposition To United States Attorney And Assistant United States Attorney's Petition Filed Under 28 U.S.C. § 2255 For Order Amending Judgment In A Criminal Case

Now comes the Petitioner's response to refusals of United States Attorney and Assistant U.S. Attorney, Michael J. Sullivan and Cynthia W. Lie in appose to petitioners petition filed by Anthony Ivery. So ANTHONY IVERY under 28 USC § 2255 for an order Amending Judgment In a Criminal Case.

Petitioner (IVERY) seeks to vacate his conviction and or be resentenced due to the United States Sentencing Guidelines (U.S.S.G) retroactive charge in Oxycodone sentencing pursuant to U.S.S.G. Amendment 657 in November 2003, also under grounds that was also Amended involving the weight of drugs in the amount of 4.1 grams of cocain base that would not be in the legal Jurisdiction of the court to pursue. Pursuant to U.S.S.G § 2D1.1(c)(8) that states that the Petitioner can only be charged with U.S.S.G § 2D1.1(c)(8) when the offense involves at least four grams, not less than five grams of cocain base, the base level of case is 24. Due to the contents within the drugs 4.1 grams would show the court in Error to charge the petitioner under USSG § 2D1.1 (c)(8) because the entry of the 4.1 grams was not secure in which would have knocked the 4.1 to much less than the stended amount.

Also, I Say under perjury that US and Asst US Attorney knew that they was in Error and refused to charge petition Check Computer-Aided

(2)

Transcription Courtroom 12, Federal Courthouse, Boston, Massachusetts, May 10, 2001, # CR 00-10334-RWZ. (Page 9:18) (Government) Now, it is my understanding at the moment that, that given the quantity of (which is not all base-cocaine because it was not removed of the excesses of Gross and Net weight) of cocaine involved in this, there would be an offense level of 24 for the offense (?). Page 16:24 states that the Government Cynthia W. Lie and Michael J. Sullivan admitted saying That crack cocaine was analyzed by the DEA Laboratory and it was 1.5 grams of cocaine base also known as crack, alone with the second transaction that was said to be 2.6 grams of crack cocaine, never being sent to Mid Atlantic Lab for testing. (Also page 18:1-2)

Also the Government was in Error to accept my plea that I was not not charged with of Aider and Abettor. I didn't plea guilty as it will show on page 18:8-25. I was charged with Violation of 21 U.S.C § 841 (a)(1) and I did not plea guilty but was sentenced by the court which was a very clear Error.

(Page 19 to 22) 19:18 States, Government, I find that the defendant understands the nature of the charges, that the plea is voluntarily and there is a factual basis for it, and will therefore accept it so as its (?) on its two count indictment.

US Attorney's did understand its unlawful error from 19:25 where it states, (US Attorneys) I'm a little bit concerned about the (Page 20:1-) Defendant's acceptance of responsibility in this case, only in that certainly what he said would fullfill the elements of aiding and abetting the distribution of crack cocaine, theres no question about that The indictment however, does not make any allegation under 18 U.S.C. Section 2. The Court; Correct. This is acknowledged error by all three parties, my Attorney, Judge and US Attorneys.

Page 20; 7. (US Attorneys) So, I just want that to be clear to everybody in the room that thats not in the indictment, although the defendants admission certainly constitutes distribution, but thats not in the indictment

③

So long as "EVERYONE IS CLEAR" on that, as we proceed, I want this to be on the record.

Also [another?] error was a charge of conspiracy as stated on Page 3;24 and Page 4;1-19, which was thrown out, but due to the nature of the 4/1 which is [ratio of surety?], it also should have been thrown out.

As the U.S. Supreme Court has previously ruled, "[other] than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be [submitted] to a jury, and proven beyond a reasonable doubt." Apprendi at 690. In Blakely, the Supreme Court ruled over [pointed?] dissents that, the 'statutory maximum' (which in my case under U.S.S.G. § 2DL.1(C)(8)) sentence a judge may impose 'SOLELY' on the basis of the [facts] reflected in the jury verdict or admitted by the defendant. Blakely supra, at *4; in other words, the relevant 'statutory maximum IS NOT the [maximum sentence a judge may impose after finding additional facts]. WHEN A JUDGE INFLICTS PUNISHMENT that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, 'and the judge exceeds his proper authority.'

It is long standing precedent in all courts, that a Jury can ONLY return a verdict on the elements/factors that are explicitly cited in the indictment. For the verdict to be based on any element/factors more or any [amount/factor] less is PLAIN CONSTRUCTIVE AMENDMENT to the indictment itself. "THIS" would (HAS) violate the DUE PROCESS CLAUSE of the 5th Amendment along with the Fair Notice [rule/clause?] of the indictment clause. So a Jury CAN NOT return a verdict based on elements/[factors] that are not explicitly cited in the indictment. Also, a defendant in a guilty plea, Even IF ADMITTING elements/[factors] is not in the indictment, CAN NOT and should not be found by the court/trier/fact-finder to have committed those acts and be punished for them.

The Blakely court addressed just this type of issue in that guilty plea [context where the court held that those who entered into a Agreed]

4

are resigned to one of two alternatives. The first is that the jury need only find whatever facts the legislature chooses to label elements of the crime, and those it labels sentencing factors -- no matter how much they may increase the punishment -- may be found by the judge. This would mean, for example, that a judge could sentence a man for committing murder even if the jury convicted him only of illegally possessing the firearm used to commit it -- or of making an illegal lane change, though, while sitting behind the wheel, but on his own, without a jury finding. Not even Apprendi's critics would advocate the absurd result. Cf. 530 U.S., at 552-553 (O Connor, J., dissenting)...

When the Sentencing Reform Act of 1984 was enacted into positive law, there was a provision for the U.S.S.G. i.e. the commission. Also the pre-Sentencing Reform Act of the 1984 Sentencing Statute had to be re-enacted before the sentencing statute to be re-enacted. Thus, a court must revert to a repealed statute on which to base a sentence.

... on the issue of the quantity the court... the statute under U.S.S.G § 2D1.1 (C)(8). United States v. Thomas, 274 F.3d 655 (2d Cir. 2001). In that case it was held that drug quantities, under the statutory scheme of 21 U.S.C. § 841 (b)(1) is an element of the offence which MUST be charged in the indictment and submitted to the jury or proven beyond a reasonable doubt.

The Second Circuit Court of Appeals solicited amicus briefs from the various public defender offices within the circuit, as well as from the N.Y. Bar Association, the National Association of Criminal Defense Lawyers, and Families Against Mandatory Minimums on the issue of whether the sentencing scheme of 841 was facially unconstitutional. However, for unknown reasons the court did not choose to address the issue. Instead the court limited its holding to (1) whether, under Apprendi, the drug type and/or quantity are elements of the offence, (2) whether plain error under rule 52(b), Fed. R. Crim. P, applied, and

(3) whether the error was a trial error, sentencing error, or a mixture of both trial and sentencing error.

The Thomas court held that to charge a defendant with violations of 21 U.S.C. § 841, without reference to drug type or quantity, the sentencing of a defendant to a sentence within §§ 841(b)(1)(B) or (b)(1)(A) amounted to constructive amendment of the indictment which is per se error.

Also, the U.S. Court of Appeals for the Fifth Circuit previously held that an Apprendi error involving the failure to charge drug quantity in the indictment (which in my case, was not analized [sic] as is purity) and submit it to the Jury for proof beyond a reasonable doubt is a jurisdictional defect. See United States v. Gonzales, 259 F.3d 355, 360 (5th cir. 2001). See also United States v. Baptiste, 264 F.3d 578, 593 (5th cir. 2001).

Jurisdiction can be raised at any time, and addressed by federal courts at any time on their own motion. See McGrath v. Kristensen, 340 U.S. 162 (1950). Jurisdiction cannot be waived and cannot be conferred upon a federal district court by consent, inaction, or stipulation. See California v. La Rue, 409 U.S. 109, 112, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972).

In both the Gonzales and Baptiste cases the government failed to charge drug quantity in the indictment (gross and net) or submit it to the Jury for proof beyond a reasonable doubt. The court held that such a failure is jurisdictional in nature and therefore evidence adduced at trial supporting the drug quantity or even stipulations as to drug quantity made by the defendant, are NOT relevant to the analysis of a claim of such failure. In other words, the court cannot look to what drug amount, leadership role, monetary amount, etc. anything that amounts to an enhancement from the base offense level) was claimed to have been involved by the government witnesses in reviewing a claim under Blakely/Apprendi. Nor can a court in a guilty plea use the defendant's admission as to drug quantity, monetary amounts, leadership role, etc. (anything that amounts to an enhancement from

(6)

the Base offense level) that is not alleged in an indictment.

In conclusion to why my issues should be heard, the facts stated of the 4.1 grams, if analized or removed the charge would not be a federal case also the fact that I did not pled guilty to Poss./w Intent to distribute Cocaine Base on her account under 21 U.S.C. 841(a), the courts not held to incur any at faults.

I ask the court to please reconsider looking into the facts presented and ask to investigate certain issues. The facts are very clear as to the amount of error made whether the court will acknowledge its wrong doing is totally up to themselves.

### Relief Sought

The petitioner seeks for the court to order the reduction to his sentence below the statutory minimum or to vacate the petitioner's conviction and remand his case to the District court for dismissal with no intent for the petitioner to seek damage claims.

Respectfully submitted
Anthony Every   23351-038
Anthony Every
Federal Correctional Institution-Gilmer
P.O. Box 6000
Glenville, WV 26351

I declare under the penalty of perjury that the information in this response is true and correct to the best of my knowledge as according to 28 U.S.C. § 1746.

Anthony Every

### Certificate of Service

I hereby declare that a copy of this Response To U.S. Attorney's Petition was mailed postage pre-paid to the following on this 24th day of 11th 2004

Anthony v.s US Attorney
Asst. Attorney's Office       or    US Attorney
408 Atlantic Ave 3                  Office of the US Attorney
Boston, MA. 02210                   Federal Court House, 1 Court House Way
                                    Boston, MA. 02210